IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RAUL DANIEL RODRIGUEZ MARTINEZ #2197813 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv418 |
| BRYAN COLLIER, et al. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights action complaining about an altercation with a correctional officer in April 2021 followed by a threat from the same officer in July 2021. (Dkt. #1 at 2–3.) The case is before the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition.

Plaintiff attached to his complaint a document styled as a "Preliminary Injunction," bearing a blank signature line for a United States District Judge, which would order Plaintiff moved out of the Coffield Unit of TDCJ. (Dkt. #1-1.) The Court construes the filing to be a motion for preliminary injunctive relief. For the reasons expressed below, the undersigned recommends that the motion be denied.

**I. Discussion and Analysis**

A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will

1

not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury that is clear and imminent. *See Heath v. City of New Orleans*, 320 F. Supp. 545, 546 (E.D. La. 1970), *aff'd* 435 F.2d 1307 (5th Cir. 1971). Irreparable injury means harm that cannot be adequately addressed by a monetary award. *See Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981) ("In order to meet this burden plaintiffs need to establish that at the time of the injunction it was under a substantial 'threat of harm which cannot be undone' through monetary remedies.")

Mere speculation or conclusory allegations of an irreparable injury are insufficient. *Daniels Health Sci., L.L.C. v. Vascular Health Sci., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

Plaintiff fails to satisfy this standard. The Court has authorized service on the correctional officer alleged to have assaulted and threatened him. Plaintiff's allegations are serious and, if

2

proven, may ultimately entitle him to judgment in this case. But it is not yet clear to the Court whether the likelihood of his prevailing is substantial.

What is more clear is that Plaintiff does not demonstrate any threat of irreparable harm if preliminary relief is denied. He alleges a single altercation with Defendant Greenlee on April 20, 2021, and a single unspecified threat on July 28, 2021. (Dkt. #1 at 2–3.) Those incidents happened approximately six and three months before Plaintiff signed his complaint, with no indication that he has suffered any further harm or threat of harm from Greenlee. Plaintiff claims to have been in fear for his life, but he does not even specify what Greenlee threatened to do. (*Id.* at 3.) A past use of force does not, in itself, establish any substantial likelihood of future injury, much less one that is clear, imminent, and irreparable. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)).

And a single verbal threat does not violate the Eighth Amendment, much less warrant the extraordinary step of issuing a preliminary injunction. *See*, *e.g.*, *Orange v. Ellis*, 348 F. App'x 69, 72 (5th Cir. 2009) ("[C]laims of verbal harassment do not reveal a constitutional violation. Mere words are not sufficient to support a Section 1983 claim); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (holding that "claims of verbal abuse are not actionable under § 1983"); *Moody v. Lee*, No. 13-2745, 2014 WL 107944, at *5 (W.D. La. Jan. 9, 2014) ("[V]erbal threats or taunts, without more, do not support a claimed constitutional violation. Allegations of mere verbal abuse by prison guards simply do not give rise to a cause of action under § 1983."). Greenlee's alleged threat, which Plaintiff says was in response to Plaintiff's grievance, might arguably implicate Plaintiff's First Amendment right to be free from retaliation (though the Court awaits further

briefing or other development to decide that issue), but that claim could be adequately remedied by money damages.

Finally, both the Defendants and the public have a strong interest in allowing prison officials to carry out their duties without interference from the judiciary. Federal judges are not experts in prison management, and typically "[i]t is within the discretion of TCDJ-CID to determine where its prisoners are housed and how they are transported." *Ledesma v. Davis*, No. 7:16-MC-00823, 2019 WL 3225529, at *3 (S.D. Tex. June 6, 2019), *report and recommendation adopted*, No. 7:16-MC-00823, 2019 WL 3228197 (S.D. Tex. July 16, 2019) (citing *Kirby v. Johnson*, 243 F. App'x 877, 879 (5th Cir. 2007)). The Supreme Court has, therefore, taken a negative view of "the involvement of federal courts in the day-to-day management of prisons, often squandering judicial resources with little offsetting benefit to anyone." *Sandin*, 515 U.S. at 482–83. Accordingly, "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment," and "[s]uch flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life." *Id.* This factor outweighs any interest Plaintiff has demonstrated in being transferred to another prison.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for preliminary injunctive relief (Dkt. #1-1) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 3rd day of March, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE