IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RAUL DANIEL RODRIGUEZ MARTINEZ, #2197813, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:21-cv-418-JDK-JDL |
| BRYAN COLLIER, et al., | § § § | |
| Defendants. | § § § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Raul Daniel Rodriguez Martinez, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On March 3, 2022, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss Plaintiff's claims against Defendants Bryan Collier and Juan Garcia pursuant to 28 U.S.C. § 1915A(b). Docket No. 17. Despite being granted two extensions of time to objection, Plaintiff did not file objections by the extended deadline of June 15, 2022. *See* Docket Nos. 21, 25. Rather, Plaintiff sent late objections, postmarked June 30, 2022, and received by the Court on July 5, 2022. Docket No. 31.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28

1

U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Due to their tardiness, the Court need not consider Plaintiff's objections. *Scott v. Alford*, 62 F.3d 395 (5th Cir. 1995) (explaining that "district courts need not consider late objections"). However, even under de novo review, Plaintiff's objections fail. Judge Love reviewed Plaintiff's claims against Defendants Collier and Garcia pursuant to 28 U.S.C. § 1915A(b), which requires dismissal of claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. Based on the limited allegations concerning Defendants Collier and Garcia in Plaintiff's complaint, Judge Love determined that Plaintiff failed to state a claim against these Defendants. Docket No. 17 at 3–5. Plaintiff's complaint does not allege that Defendants Collier and Garcia were directly involved in the complained-of conduct. *Id.* at 4. And Judge Love correctly explained that *respondeat superior* does not generally apply in § 1983 cases and that claims for money damages against these Defendants are barred by Eleventh Amendment immunity. *Id.* at 3–4.

Plaintiff's objections do not overcome Judge Love's recommendation. Plaintiff objects that Defendants Collier and Garcia, as TDCJ Executive Director and Warden, respectively, are "responsible for the training and supervision of all TDCJ employees under their charge." Docket No. 31 at 1. But Plaintiff's complaint does not

2

sufficiently allege that either Defendant Collier or Garcia has implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *See Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

Having conducted a de novo review of Plaintiff's objections, the record in this case, and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 17) as the opinion of the District Court. Plaintiff's claims against Defendants Collier and Garcia are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, and these Defendants are dismissed from this case. This dismissal does not affect Plaintiff's claims against Defendant Greenlee.

So **ORDERED** and **SIGNED** this **13th** day of **July, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE