IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| RAUL DANIEL RODRIGUEZ MARTINEZ, § § § § **Plaintiff,** § § **v.** § § RUSSELL GREENLEE, § CORRECTIONAL OFFICER IV, TDCJ § COFFIELD UNIT; § § **Defendant.** | CIVIL ACTION NO. 6:21-CV-00418-JDK |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the court is Plaintiff Raul Rodriguez Martinez's, an inmate at the Texas Department of Criminal Justice ("TDCJ") Coffield Unit, complaint alleging purported constitutional violations pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Although proceeding pro se in this matter, Plaintiff has paid the full filing fee and is therefore not proceeding *in forma pauperis*. On March 3, 2022, Plaintiff was informed that he must serve the complaint and summons on Defendant Greenlee in this matter, and the court provided him instructions for doing so as well as a copy of the court's local rules. (Doc. No. 15.) The court further indicated that Plaintiff had 90 days to serve a copy of the summons and complaint as provided by Rule 4(m) of the Federal Rules of Civil Procedure. *Id.* The court warned Plaintiff that failure to comply with Rule 4(m) may result in dismissal of the lawsuit. *Id.* Plaintiff acknowledged receipt of the court's order directing him to serve on April 18, 2022. (Doc. No. 22.) Over 90 days had passed since the court issued its order directing Plaintiff to serve, and Plaintiff had not served Defendant Greenlee. Therefore, on June 29, 2022, the court

1

issued a second order explaining again to Plaintiff that he must serve the complaint and summonses on Defendant Greenlee in this matter. (Doc. No. 28.) The court provided Plaintiff instructions for service as well as copies of prepared summons forms and the complaint. (Doc. No. 28.) Again, the court indicated that Plaintiff had 90 days to serve a copy of the summons and complaint as provided by Rule 4(m) of the Federal Rules of Civil Procedure and warned Plaintiff that failure to comply with Rule 4(m) may result in dismissal of the lawsuit. *Id.* Summons issued as to Defendant Greenlee on June 30, 2022. (Doc. No. 29.) On July 15, 2022, the court's second order on service was returned undeliverable. (Doc. No. 34.) More than six months have passed since the court issued its second order directing Plaintiff to serve Defendant Greenlee and Plaintiff has not responded to the court's order, nor has he filed any proof of service, updated his address with the court, or otherwise been in communication with the court. Defendant Greenlee has not responded to Plaintiff's complaint and there has been no indication on the record that service was executed.

Here, Plaintiff has failed to timely serve his complaint within 90 days of the filing of the complaint and has failed to comply with the court's orders providing him generous additional time to execute service. Fourteen months have passed since the filing of this action and Plaintiff has not served Defendant Greenlee in that time despite numerous instructions and orders from the court regarding service. Moreover, although the court's second order regarding service was returned undeliverable, "[a] pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address." Local R. CV-11(d). To the extent Plaintiff has a new address, he has not informed the court of his new address or otherwise communicated with the court in over six months. As such, he has failed to prosecute his case.

Accordingly, the court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to prosecute and for failure to comply with a court order. Fed.R.Civ.P. 4(m); *see McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."); Fed.R.Civ.P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 13th day of January, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE